# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., § <br> SLING TV L.L.C., and § <br> NAGRASTAR LLC, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> ALEJANDRO GALINDO, ANNA § <br> GALINDO, MARTHA GALINDO, § <br> and OSVALDO GALINDO, § <br> individually and collectively § <br> d/b/a NITRO TV, § <br> § <br> Defendants. § | Case No. 3:21-cv-00218 |

## **PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF PROCESS**

Plaintiffs DISH Network L.L.C., Sling TV L.L.C., and NagraStar LLC move for an order authorizing alternative service on Defendants Osvaldo Galindo and Martha Galindo pursuant to Federal Rule of Civil Procedure 4 and Texas Rule of Civil Procedure 106(b).[1]

## I.   INTRODUCTION

Plaintiffs filed this action on August 19, 2021, asserting claims against Defendants for violations of federal anti-piracy laws based upon their unauthorized rebroadcasting of Plaintiffs' television programming. Plaintiffs made multiple attempts to serve Osvaldo and Martha through process severs, the local Sheriff's Office, and a private investigator, among

---

[1] The remaining defendants – husband and wife, Alejandro and Anna Galindo – were served on October 27, 2021, despite their efforts to evade service of process. (*See* Dkt. 9.) The unserved defendants are Alejandro's brother (Osvaldo) and mother (Martha).

1

other means. Plaintiffs also contacted Osvaldo and Martha by email and telephone to make arrangements for serving process, in addition to mailing each of them a request for waiver of service. Plaintiffs' diligent attempts at service were unsuccessful.

Based upon Plaintiffs' efforts to serve Defendants, and attempts to avoid or frustrate service in an infringement action pending against Defendants in California,[2] Osvaldo and Martha will not be served without an order from the Court authorizing alternative service. Accordingly, Plaintiffs should be allowed to serve Osvaldo and Martha by: (1) regular first class mail sent to the addresses of their homes; (2) affixing the summons and complaint to the front door or gate at their homes; (3) email to their email addresses; and (4) Facebook.

## II. PLAINTIFFS DILLIGENTLY ATTEMPTED TO SERVE DEFENDANTS

### A. Osvaldo Galindo

Osvaldo owns the home located at 3110 Colony Drive, Dickinson, Texas, which he claims as his homestead. (Williams Decl. ¶ 2, Ex. 1.) Plaintiffs made multiple attempts to serve Osvaldo at his home, including seven attempts by a process server, four attempts by the Galveston County Sheriff's Office, and surveillance by a private investigator. (*Id.* ¶¶ 3-6, Exs. 2-5.) Neighbors confirmed Osvaldo was residing at the home. (*Id.* ¶ 3.) Osvaldo was left notes asking him to contact the sheriff's office but he failed to comply. (*Id.* ¶ 4.)

Plaintiffs also attempted to serve Osvaldo by sending the summons and complaint to his home address by certified mail, as well as by sending a request for waiver of service to his home address by certified mail. (*Id.* ¶¶ 7-8, Exs. 6-7.) Osvaldo did not sign and send

---

[2]*Columbia Pictures Indus., Inc. v. Galindo*, No. 2:20-cv-03129-SVW-GJS (C.D. Cal.) (the "California Case") (attached to Williams Decl. at Ex. 26.)

back the return receipt as required to effect service under Tex. R. Civ. P. 106 and 107, or the wavier of service as required under Fed. R. Civ. P. 4. (*Id.* ¶¶ 7-8.)

Likewise, Osvaldo did not respond to the email from Plaintiffs' counsel attempting to arrange for service of process. (*Id.* ¶ 9, Exs. 8-9.) Plaintiffs' counsel may, however, have reached Osvaldo by telephone. A man answered the call and when asked if he was Osvaldo demanded to know who was calling. (*Id.* ¶ 10.) Plaintiffs' counsel introduced himself and the man responded that it was the wrong number and abruptly ended the call. (*Id.*) The telephone number was connected to Osvaldo through multiple sources. (*Id.*, Exs. 10-11.)

### B.     Martha Galindo

Martha and her husband co-own the home located at 4810 Alamo Drive, Galveston, Texas, which they claim as their homestead. (*Id.* ¶ 11, Ex. 12.) Plaintiffs made a number of attempts to serve Martha at her home, including ten attempts by a process server and four attempts by the sheriff's office. (*Id.* ¶¶ 12-14, Exs. 13-15.) Neighbors confirmed that Martha owned the home and had been residing there, but believed she may have went to Mexico approximately six months earlier. (*Id.* ¶¶ 12-14.)[3] Plaintiffs were unable to obtain a forwarding address for Martha from the United States Postal Service or otherwise locate Martha in Mexico. (*Id.* ¶¶ 21-22, Exs. 24-25.)

Martha's Galveston home is apparently being maintained by someone on her behalf because there is no mail piling up at the home and the lawn is not overgrown – as would

---

[3]Six-months earlier was approximately mid to late March 2021 – the same time that leave was granted to add Martha as a defendant in the California Case. (Case No. 2:20-cv-03129-SVW-GJS, Dkt. 111.)

be excepted if Martha left for Mexico six months ago and provided no forwarding address to the Postal Service. (*Id.* ¶ 16, Ex. 17.) Also, in a recent visit, a trash can had been moved to the front gate, presumably for collection, and that trash can was not there during earlier service attempts. (*Id.* Exs. 13, 17.) Similarly, a vehicle registered to Osvaldo was in the driveway of Martha's home during the initial service attempt but that vehicle was not there during later service attempts, evidencing that Osvaldo visited Martha's home in her alleged absence. (*Id.* ¶ 15, Exs. 13, 15-16.)

Martha did not sign and send back the waiver of service or the return receipt for the summons and complaint sent to her home by certified mail. (*Id.* ¶¶ 17-18, Exs. 18-19.) In addition, Martha did not respond to emails or voicemail messages from Plaintiffs' counsel. (*Id.* ¶¶ 19-20, Exs. 20-23.) Defense counsel in the California Case was also contacted by telephone and email to discuss service of process on Martha, but has not returned the calls or responded to the email. (*Id.* ¶ 24, Ex. 28.)

## III.   ALTERNATIVE SERVICE ON DEFENDANTS IS WARRANTED

### A.   Osvaldo Galindo

Federal Rule of Civil Procedure 4(e) authorizes service of process on a defendant in the United States using the methods of service provided by applicable state law. Texas Rule of Civil Procedure 106(a) provides for service by delivering the citation to the defendant in person or by registered or certified mail, return receipt requested. Rule 106(b) provides that, if service under Rule 106(a) was unsuccessful, a court may authorize substitute service or service "in any other manner, including electronically by social media, email, or other technology, . . . reasonably effective to give the defendant notice of the suit."

Plaintiffs were unable to serve Osvaldo in person or by certified mail, return receipt requested, under Tex. R. Civ. P. 106(a). *See supra* Parts II.A-B. Accordingly, under Rule 106(b), Plaintiffs should be authorized to serve Osvaldo by: (1) regular first class mail sent to his home address; (2) affixing the summons and complaint to the front door at his home address; and (3) email.

*First*, Plaintiffs identified the address where Osvaldo resides. *See supra* Part II.A. Service of the summons and complaint by regular first class mail sent to Osvaldo's home address is reasonably calculated to give him notice of this action. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993) (finding service of process by regular first-class mail reasonably calculated to give notice to defendant); *Document Operations, LLC v. AOS Legal Techs., Inc.*, No. 4:20-cv-1532, 2021 WL 3089258, at *3-4 (S.D. Tex. July 22, 2021) (authorizing service of process by regular mail); *United States v. Dheming*, No. 2:13-CV-182, 2013 WL 4401856, at *2 (S.D. Tex. Aug. 14, 2013) (same and observing that claiming a homestead exemption, like Osvaldo does, "implies that the Defendant lives at the residence").

*Second*, because Osvaldo's address is known, affixing the summons and complaint to his front door is reasonably calculated to provide him notice of this action. *See Dheming*, 2013 WL 4401856, at *2 (allowing service of process by posting summons and complaint on front door or gate of defendant's home); *Platter v. G Force Cement Works, L.L.C.*, No. H-19-2012, 2019 WL 5748763, at *1 (S.D. Tex. Nov. 5, 2019) (discussing previous order authorizing service by posting on door); *Baron v. Baron*, No. 3:16-CV-3465-C-BH, 2017 WL 7512935, at *2 (N.D. Tex. May 12, 2017) (authorizing service by posting on door and

5

"recognizing that attachment alone is reasonably likely to give a defendant actual notice of the suit").

*Finally*, Plaintiffs identified an email address for Osvaldo that is associated with his payment processing account which he used to sell the NitroTV service at issue in this case. (Williams Decl. ¶ 9, Ex. 9.) Osvaldo's email address is operational because an email was sent to that email address and was not returned as undelivered. (*Id.* ¶ 9, Ex. 8.) Service by email is reasonably calculated to provide Osvaldo notice of this action. *See Viahart, LLC v. Does 1-73*, No. 6:18-CV-604-RWS-KNM, 2020 WL 10692890, at *4 *(E.D. Tex. June 17, 2020) (authorizing email service of process and stating "Federal Courts have presumed delivery of an email if it is not returned undeliverable and the email address is used by the Defendant in conducting business"); *see also Chanel, Inc. v. P'ships & Unincorporated Assocs.*, No. H-12-2085, 2012 WL 12894807, at *1-2 (S.D. Tex. Oct. 10, 2012) ("[E]-mail is one of the most reliable means of providing defendants with notice of this action."); *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) (holding that service of process by email was properly effected pursuant to court order).

### B.     Martha Galindo

Federal Rule of Civil Procedure 4(f)(3) authorizes service of process on a defendant outside the United States by any "means not prohibited by international agreement, as the court orders." "A plaintiff need not pursue other methods of service before requesting that the court authorize an alternative method under Rule 4(f)(3)." *Document Operations*, 2021 WL 3089258, at *3.

Martha was not found at her home during the prior service attempts and, based upon

information received, may have fled to Mexico. *See supra* Part II.B. The only international agreement that appears to be even potentially applicable to service of process on Martha in Mexico is the Hague Convention; however, "the Hague Convention does not apply when the address of the person to be served is unknown." *United States v. Real Prop. Known as 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 659 (5th Cir. 2014) (citing Hague Convention, Article 1).

Plaintiffs have not identified any address for Martha other than the Galveston home that she currently owns. (Williams Decl. ¶¶ 21-22.) Plaintiffs' efforts to locate Martha in Mexico include internet searches, requesting her forwarding address from the United States Postal Service, and retaining a third-party to search databases associated with Mexico voter registration, taxpayer identification, social security, credit bureaus, telephone service, and driver's licensing – but no address was located for Martha in Mexico. (*Id.* ¶¶ 21-22, Exs. 24-25.) Plaintiffs also received no response to the telephone calls and emails to Martha or defense counsel in the California Case, who was found to have advocated for Martha in the case and thus could be served with process on her behalf. (*Id.* ¶¶ 19-20, 24; Exs. 20-23, 28; California Case, Dkt. 189 at 5 [attached to Williams Decl. as Ex. 27].)[4]

If Martha has relocated to Mexico, her address is unknown and therefore the Hague Convention does not apply. *See Real Prop.*, 773 F.3d at 659; *Compass Bank v. Kleve*, No. L-12-46, 2012 WL 12895414, at *4 (S.D. Tex. Dec. 10, 2012) (finding similar unsuccessful efforts to locate the defendant in Mexico rendered his address "unknown" for purposes of

---

[4] Alejandro refused to provide an address for Martha when asked in the California Case and instead invoked the Fifth Amendment privilege against self-incrimination. (*Id.*)

Hague Convention); *see also* California Case, Dkt. 189 at 3 (finding that Martha's alleged address in Mexico was unknown, such that Hague Convention did not apply and alternative service was appropriate). Accordingly, Plaintiffs should be authorized to serve Martha by: (1) email; (2) regular first class mail to her home in Galveston; (3) affixing the summons and complaint to the front door or gate at her Galveston home; and (4) Facebook.

*First*, Plaintiffs identified an email address for Martha from records associated with her PayPal account, which email address is partially comprised of her first and last name. (Williams Decl. ¶ 19, Ex. 21.) Martha's email address is operational because an email was sent to that email address and was not returned as undelivered. (*Id.* ¶ 19, Ex. 20.) Service of process by email is reasonably calculated to provide notice of this action to Martha. *See supra* Part III.A (citing cases that authorized email service, including *Viahart*, *Chanel*, and *Nagravision* which permitted email service on international defendants under Rule 4(f)(3)); *see also* California Case, Dkt. 189 at 4-6 (authorizing email service of process on Martha).

*Second*, even if Martha has relocated to Mexico, Martha appears to have someone maintaining and collecting mail at the Galveston home that she continues to own. *See supra* Part II.B. Accordingly, service of process by mail and affixing the summons and complaint to her front door or gate are reasonably calculated to provide notice of this action to Martha. *See supra* Part III.A (citing cases authorizing service of process by regular mail and posting to door or gate).[5]

---

[5] In addition to Martha's alleged address in Mexico being unknown, the Hague Convention does not apply to these methods of service because mailing or posting the summons and complaint to Martha's Galveston home is not a transmission of documents abroad and thus outside the scope of the Hague Convention. *See Document Operations,* 2021 WL 3089258,

8

*Finally*, Plaintiffs identified a Facebook account for Martha. (Williams Decl. ¶ 25, Ex. 29.) Serving the summons and complaint on Martha using Facebook, especially when combined with the other means of service proposed by Plaintiffs, is reasonably calculated to provide notice of this action to Martha. *See* Tex. R. Civ. P. 106(b) (authorizing service by social media); *see also* California Case, Dkt. 189 at 6 (permitting service of process on Martha by means including Facebook and citing cases approving service by social media).

## IV.   CONCLUSION

The Court should grant this motion and enter an order authorizing Plaintiffs to serve Osvaldo and Martha by: (1) regular first class mail sent to the addresses of their homes; (2) affixing the summons and complaint to the front door or gate at their homes; (3) email to their email addresses; and (4) in the case of Martha, Facebook to the extent her account is active.[6] Plaintiffs submitted a proposed order that provides for these methods of service, which are reasonably calculated to give Osvaldo and Martha notice of this action.

Dated: November 5, 2021.   Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

s/ Timothy M. Frank
Timothy M. Frank (attorney-in-charge)
Texas Bar #24050624
S.D. Tex. Bar #614705

---

at *3-4 (finding Convention did not apply because the requested form of service – email to United States counsel for international defendant – "does not require the transmittal of any documents outside of the United States") (citing cases).

[6] Plaintiffs located a Facebook account for Osvaldo that was active as of October 12, 2021. (Williams Decl. ¶ 25.) The next day the court in the California Case authorized service on Martha using Facebook and now Osvaldo's Facebook account is no longer accessible. (*Id.* ¶ 25, Ex. 27.) Accordingly, Plaintiffs are not proposing to serve Osvaldo by Facebook.

Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
timothy.frank@hnbllc.com

Maleeah M. Williams (of counsel)
Texas Bar #24121889
S.D. Tex. Bar #3644890
maleeah.williams@hnbllc.com

Attorneys for Plaintiffs DISH Network L.L.C., Sling TV L.L.C., and NagraStar LLC

## **CERTIFICATE OF SERVICE**

I certify that on November 5, 2021, Plaintiffs' Motion for Alternative Service, Declaration of Maleeah Williams, and Proposed Order were served by mail on Defendants pursuant to Local Rule 5.3, at the following addresses which are Defendants' last known residences:

Alejandro Galindo and Anna Galindo
311 Scenic View,
Friendswood, Texas 77546

Osvaldo Galindo
3110 Colony Drive,
Dickinson, Texas 77539

Martha Galindo
4810 Alamo Drive,
Galveston, Texas 77551

s/ Timothy M. Frank
Timothy M. Frank (attorney-in-charge)

Attorney for Plaintiffs DISH Network L.L.C., Sling TV L.L.C., and NagraStar LLC